# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 16-1147V
Filed: April 9, 2018
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| JANE AHLER, a married woman, | \* |
| | \* |
| Petitioner, | \*    Attorneys' fees and costs decision; |
| | \*    reasonable attorneys' fees and costs |
| v. | \* |
| | \* |
| SECRETARY OF HEALTH | \* |
| AND HUMAN SERVICES, | \* |
| | \* |
| Respondent. | \* |
| | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>Glynn W. Gilcrease, Jr.</u>, Tempe, AZ, for petitioner.
<u>Amy P. Kokot</u>, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On September 15, 2016, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012) alleging that she suffered Guillain-Barré Syndrome ("GBS") due to her October 16, 2014 receipt of influenza ("flu") and pneumonia vaccines. Pet., ¶¶ 2 and 3. On December 15, 2017, the undersigned issued a decision awarding damages to petitioner based on the parties' stipulation filed on the same day.

On March 23, 2018, petitioner filed a motion for attorneys' fees and costs ("motion"). In her motion, petitioner requests a total of $16,013.71, comprised of (1) $13,555.00 for attorneys'

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

fees; and (2) $2,458.71 for attorneys' costs.[2]

On April 4, 2018, respondent filed a response to petitioner's motion explaining he is satisfied that this case meets the statutory requirements for an award of attorneys' fees and costs under 42 U.S.C. § 300aa-15(e)(1)(A)-(B). Resp. at 2. Respondent "respectfully recommends that the [undersigned] exercise her discretion and determine a reasonable award for attorneys' fees and costs." Id. at 3.

## DISCUSSION

### I. Legal Standard for Attorneys' Fees and Costs

#### A. In General

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." 42 U.S.C. § 300aa-15(e)(1). The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs. Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

### II. Reasonableness of Requested Attorneys' Fees and Costs

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Avera, 515 F.3d 1343, 1348. This rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." Rodriguez v. Sec'y of HHS, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing Avera, 515 F. 3d at 1349). For cases in which forum rates apply, McCulloch provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. See McCulloch v.Sec'y of HHS, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Once the applicable hourly rate is determined, it is applied to the "number of hours reasonably expended on the litigation." Avera, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of HHS, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). Counsel must submit fee requests that include contemporaneous and specific billing entries indicating the task performed, the number of hours expended on the task, and who performed the task. See Savin v. Sec'y of HHS, 85 Fed. Cl. 313, 316–18 (Fed. Cl. 2008). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. Furthermore, the special master may reduce fees *sua sponte*, apart from objections raised by respondent and without

---
[2] Attorneys' costs include incidental costs of $458.71 and Dr. Lawrence Steinman's expert fees of $2,000.00. Doc. 32-2, at 3.

providing petitioners notice and opportunity to respond.  See Sabella v. Sec'y of HHS, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009).  A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of HHS, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).

### 1. Reasonable Hourly Rates

Petitioner requests the following hourly rates:

|  | 2016 | 2017 | 2018 |
|---|---|---|---|
| Glynn W. Gilcrease, Jr. | $400 | $400 | $400 |
| Paralegals | $125 | $125 | $125 |

Because these rates are consistent with the ranges provided in McCulloch v. Sec'y of HHS, No. 09-293V, 2015 WL 5634323, *16 (Fed. Cl. Spec. Mstr. Oct. 18, 2016), the undersigned finds petitioner's requested hourly rates for Mr. Gilcrease and his paralegals reasonable.

### 2. Reduction of Billable Hours

#### a. Research

Mr. Gilcrease billed 1.5 hours for researching GBS.  Doc. 32-2, at 1 (entry dated 4/21/2016).  The full amount of this time should not be compensated as "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." Matthews v. Sec'y of HHS, No. 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016).  "An inexperienced attorney may not ethically bill his client to learn about an area of law in which he is unfamiliar.  If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task."  Carter v. Sec'y of HHS, No. 04-1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007).  Mr. Gilcrease has over 44 years of experience and this is not his first case in the Vaccine Program.  Moreover, he hired Dr. Steinman upon his assuming representation in this case.  Doc. 32-1, at 2.  Therefore, the undersigned finds the 1.5 hours of research is not compensable and the nonpayment results in a **deduction of $600.00**.

#### b. Billing for Administrative Time

It is firmly established that billing for clerical and other secretarial work is not permitted in the Vaccine Program.  Rochester v. United States, 18 Cl.Ct. 379, 387 (1989) (denied an award of fees for time billed by a secretary and found that "[these] services … should be considered as normal overhead office costs included within the attorneys' fees rates"); Mostovoy v. Sec'y of HHS, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016).

Mr. Gilcrease's billing records contain multiple entries that are best characterized as administrative tasks, such as reviewing invoices, scheduling meetings, and making travel arrangements.  Throughout the billing invoices, counsel and paralegals billed 0.3 hours for

3

"review notice of assignment," review scheduling order," review status conference order," "calendar dates on scheduling order," and "review status conference order and calendar" after reviewing a one-page or non-PDF court order.  Doc. 32-2 (entries dated: 9/15/2016; 9/16/2016; 9/22/2016; 10/2/2016; 10/25/2016; 11/1/2016; 12/16/2016; 3/16/2017; 5/18/2017; 8/16/2017; and 11/29/2017) and Id. (entries dated: 9/15/2016; 9/16/2016; 11/1/2016; 5/18/2017; 6/28/2017; and 8/16/2017).  Beyond the fact that this is clerical work billed at counsel's and paralegals' rates, the undersigned cannot imagine how it takes eighteen minutes to enter a date, or even three dates, on one's calendar.  These types of entries are clerical in nature and do not constitute billable time.  Accordingly such entries will be deducted from the fee award, amounting to a **reduction of $1,545.00**.

Thus, the total amount of attorneys' fees for Law Office of Glynn W. Gilcrease, Jr., PC is reduced by $2,145.00 and $11,410.00 is awarded.  The undersigned finds the attorneys' costs reasonable.

## CONCLUSION

Based on her experience and review of the billing records submitted by petitioner, the undersigned finds the majority of petitioner's attorneys' fees and costs request reasonable.  **Accordingly, the court awards $13,868.71**, representing attorneys' fees and costs.  The award shall be in the form of a check made payable jointly to petitioner and Law Office of Glynn W. Gilcrease, Jr., PC in the amount of **$13,868.71**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

Dated: April 9, 2018                                                                          /s/ Laura D. Millman
                                                                                                          Laura D. Millman
                                                                                                          Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.